UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ANDREW MOORE,<br><br>    Plaintiff,<br><br>        v.<br><br>S. HATTON, et al.,<br><br>    Defendants. | Case No. 17-03696 BLF (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE PLAINTIFF'S SUR-REPLIES**<br><br>(Docket Nos. 18, 23, 28 & 30) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against officials at the California Training Facility ("CTF"). The Court found the complaint, (Docket No. 1), liberally construed, stated a cognizable claim and ordered the matter served on Defendants.[1] (Docket No. 3.) Defendants S. Hatton, M. Atchley, K. Hoffman, J. Lewis, and S. Kernan filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to allege facts sufficient to state a claim. (Docket No. 18, hereafter "MTD1.") Plaintiff filed an opposition, (Docket No. 21, hereafter "OPP1"), and Defendants filed a reply, (Docket No. 24, hereafter "Reply1"). Defendant M. Biter filed a separate motion to dismiss on

---

[1] The matter was reassigned to this Court on October 19, 2017. (Docket No. 13.)

identical grounds, (Docket No. 23, hereafter "MTD2"), to which Plaintiff filed an opposition. (Docket No. 25, hereafter "OPP2"), and Defendant Biter filed a reply, (Docket No. 26, hereafter "Reply2").

Plaintiff filed additional responses to both replies filed by Defendants. (Docket Nos. 27 & 29). Defendants filed motions to strike these additional filings as impermissible sur-replies that do not comply with Local Rules 7-3(d) and 7-11. (Docket Nos. 28 & 30). The Court agrees. Because Plaintiff failed to obtain Court approval before filing these additional responses in accordance with the Local Rules, Defendants' motions to strike are **GRANTED**. Accordingly, Plaintiff's filings under Docket Nos. 27 and 29 shall be STRICKEN.

For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**.

## DISCUSSION

### A. Plaintiff's Claims

The named Defendants are alleged to be officials employed by the California Department of Corrections and Rehabilitation ("CDCR"), and are as follows: (1) S. Hatton, Warden of CTF; (2) K. Hoffman, Associate Warden of CTF; (3) M. Atchley, Chief Deputy Warden of CTF; (4) J. Lewis, Deputy Director of the California Correctional Health Care Services ("CCHCS"); and Kernan, Secretary of CDCR. (Compl., Attach. at 2.) Plaintiff claims that the construction of a new building between the interfaith chapels at CTF "disturbed the ground." (*Id.* at 3.) Plaintiff claims that the construction was initiated without a memorandum or study released to the prison's general population, warning that inmates could or would be exposed to pathogens. (*Id.*) Plaintiff also claims that Defendants endangered his safety by failing to do a "ground sample test reading of hazardous dust material," thereby exposing him to "hazards that can be air born pathogens or materials that is in the foundation," such as dirt, dust, concrete, asbestos, wood, metal and glass, during the construction of a new building at CTF. (Compl. at 3; *id.*, Attach. at

2

2-3.) He claims that the named Defendants "have in some way condone[d]/ permitted/overlooked/ and made possible for this exposure to hazardous waste…." (*Id.* at 2.) Plaintiff claims that as a result of their actions, he experienced various symptoms, including eye irritation, runny nose, dry skin, throat irritation, dry cough, loss of appetite, headaches, tightness in the lungs, watery eyes, mucus build-up in the throat, and a change in his voice. (*Id.* at 11.) Plaintiff also claims emotional distress, mental problems, and shock to his nervous system, resulting in "some" permanent disability." (*Id.* at 3, 12.)

The Court found these allegations, liberally construed, stated a cognizable claim under the Eighth Amendment, and exercised supplemental jurisdiction over Plaintiff's state law claims of negligence and intentional infliction of emotional distress ("IIED"). (Docket No. 3 at 2.)

**B.**     **Analysis**

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From

3

these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id*. at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *See Symington*, 51 F.3d at 1484.

### 1. **Deliberate Indifference**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 834.

Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane

4

conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id.* at 842

In their motions to dismiss, Defendants argue that Plaintiff only makes conclusory assertions which are not facts. (MTD1 at 1; MTD2 at 1.) First of all, Defendants assert that Plaintiff makes no factual allegations that tie any of them to the alleged exposure to hazardous materials, but only relies on conclusory allegations that Defendants are liable based on their supervisory positions. (MTD1 at 6; MTD2 at 6.) Furthermore, Defendants assert that Plaintiff does not allege facts that, if assumed true, show that Defendants knew of and disregarded an excessive risk of inmate health before or during construction that was caused by an alleged release of pathogens into the air. (*Id.*) Neither does Plaintiff allege that any of the Defendants were construction engineers who should have known about any potential risks to inmates associated with the construction of a new building. (*Id.*) Rather, all the Defendants are simply identified as high-ranking correctional officials who are responsible "for the operations, policies, rules, procedures and regulations of this prison." (*Id.*, citing Compl. at 3.) Defendants assert that Plaintiff makes only conclusory allegations that they were involved in the implementation or construction of the new building at CTF, and no allegations that, if assumed true, would show that they directed, participated in, or had knowledge of an alleged air contamination caused by the construction. (MTD1 at 7; MTD 2 at 7.)

In opposition, Plaintiff makes new allegations that he "went out of his way to inform" Defendants about the construction project, and that he also wrote letters to

5

different agencies to have an independent investigation done on the construction site. (OPP1 at 1-2; OPP2 at 2-3.)  He asserts that Defendants "had to approve, oversee, and designate plan op's [*sic*] to start this project and due to their quick rush to get the project done that they cut costs of having an environmental agency come in and evaluate the ground, air, and dirt."  (OPP1 at 5; OPP2 at 5-6.)  Plaintiff also relies on case law to support his claim that that exposure to asbestos and "improper ventilation and the inhalation of dust and lint particles can cause disease and significant health risk."  (OPP1 at 6; OPP2 at 6-7.)

In reply, Defendants argue that Plaintiff's opposition contains facts and evidence not previously found in the complaint, and therefore cannot be considered in ruling on their Rule 12(b)(6) motion to dismiss.  (Reply1 at 2; Reply2 at 2.)  Defendants also assert that there is still no allegation that any of them actually directed, participated, or had knowledge of an alleged air contamination caused by the construction.  (*Id.*)  Lastly, Defendants assert that Plaintiff again makes merely conclusory allegations that dangerous materials or pathogens were released in the air, that he was exposed to such materials, and that the exposure injured his health.  (Reply1 at 4; Reply2 at 4.)

After carefully reviewing the briefs and construing the facts in the light most favorable to Plaintiff, the Court finds that the complaint fails to allege sufficient facts to state an Eighth Amendment claim against Defendants.  The Court agrees with Defendants that Plaintiff's complaint is comprised solely of conclusory statements and fails to allege facts that, if assumed to be true, would establish that (1) any dangerous materials or pathogens were actually released into the air during construction, (2) Plaintiff was exposed to such materials, or (3) that such materials injured his health.  (MTD1 at 8; MTD2 at 8.)  Plaintiff's claim rests purely on his speculations that his ailments were caused by exposure to hazardous material that was released into the air by the construction, but this conclusion is not supported by any underlying facts.  Plaintiff's opposition merely contains more of the same conclusory allegations and lends no additional support to his claim.  Without

6

more, his conclusory allegations "are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Nor is a court "required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," *Clegg*, 18 F.3d at 754-55, such as Plaintiff's allegation that Defendants "cut costs" by refusing to have an environmental agency evaluate the "ground, air, and dirt," (OPP1 at 5), where there are no facts alleged indicating that Defendants were aware that such a test was necessary to avoid an excessive risk to inmate health and safety.

Ultimately, Plaintiff fails to state an Eighth Amendment claim because he does not allege facts regarding the second subjective prong, i.e., that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. A heightened pleading standard applies to the subjective prong of Eighth Amendment claims such that Plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567-68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim). First of all, even if it were true that Defendants failed to release a memo to the general population that "inmates could or will be exposed to hazards that can be air born pathogens or materials that is in the foundation," (Compl. Attach. at 3), Plaintiff has not alleged that Defendants knew of facts from which the inference could be drawn that a substantial risk of serious harm existed to inmates by exposure to hazardous material released by the construction, that they actually drew the inference, and yet failed to act. *Id.* This is also true of their alleged failure to conduct a ground sample test reading of hazardous dust material: there is no allegation that Defendants knew of facts from which the inference could be drawn that the ground contained hazardous material which created a substantial risk of serious harm to inmates, that Defendants actually drew the inference, and yet failed to have it tested. *Id.* Rather, the documents Plaintiff attached to his complaint contradict the proposition that Defendants deliberately disregarded an excessive risk of harm to his health or safety. *See*

7

*Lee*, 250 F.3d at 688. As Defendants point out, Plaintiff's complaint includes a copy of his administrative grievance and the review decisions rejecting his claim. (MTD1 at 8.) Specifically, the second level review decision states that the project director at CTF, Steven DeFant, was interviewed in connection with Plaintiff's grievance. (Compl. at 24.) Mr. DeFant stated that soil test was not performed because it was not deemed necessary before disturbing the soil, and that during construction, all necessary procedures were utilized to mitigate or eliminate any airborne dust that might have been released into the air. (*Id.*) A note entitled "Subproject 4 – Hazardous Material Mitigation" was provided with the decision, stating that provisions were made during the "design and construction phase" of the project to "protect, identify, document, test, mitigate, monitor and observe all noted hazardous material that are present." (*Id.* at 26.) The note also stated that all identified hazardous material "will be contained and removed from the project site under the direction of a third party certified industrial hygienist" and that "[a]ll material will be properly removed and disposed of in compliance with applicable state, local and jurisdictional codes and regulations." (*Id.*) This document indicates that there were procedures in place since before the construction began and throughout to handle any hazardous material that was encountered and that such material would be properly identified and disposed of in compliance with all applicable regulations. In light of these facts, Plaintiff's claim is based on nothing more than his opinion, contrary to the expert opinion of Mr. DeFant, that the soil should have been tested and that the procedures in place were not sufficient to protect against potentially hazardous material. Furthermore, Plaintiff asserts that Defendants "had to approve, oversee, and designate" the construction plans, (OPP1 at 5), which suggests that they likely had knowledge of the "Hazardous Material Mitigation" plan. If Defendants knew that such a mitigation plan was in place, it cannot be said that they deliberately ignored the possibility of exposure to contaminants and thereby endangered Plaintiff's safety in the construction process.

Lastly, assuming as true that Plaintiff suffers the ailments alleged, there is no

allegation that exposure to hazardous airborne material was causally linked to Plaintiff's ailments by a medical professional, without which his allegations regarding injury amount to no more than self-diagnosed symptoms based on unsubstantiated speculation that he was exposed to hazardous material from the construction. In other words, Plaintiff has not alleged sufficient facts showing that the harm he suffered, i.e., various physical, emotional, and mental ailments, was caused by a deprivation for which Defendants are responsible.

Based on the foregoing, the Court finds that the complaint fails to state an Eighth Amendment claim that is plausible on its face, *see Twombly*, 550 U.S. at 570, because there are insufficient facts from which the reasonable inference can be drawn that Defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Accordingly, Defendants' motions to dismiss the Eighth Amendment claim for failure to state a claim should be granted. Because the facts have been construed in the light most favorable to Plaintiff and he has offered no additional facts in opposition to suggest that an amendment could cure these deficiencies, the dismissal is without leave to amend.

### 2. **State Law Claims**

The Court has dismissed the Eighth Amendment claim over which it had original jurisdiction, leaving only the state law claims. Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over these remaining state law claims. 28 U.S.C. § 1367(c)(3); *see Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under subsection (c)(3) once it has dismissed all claims over which it has original jurisdiction). Accordingly, the state law claims of negligence and IIED are dismissed without prejudice to pursuing them in state court. *See Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996).

### C. **Failure to Exhaust Administrative Remedies**

Defendants also argue that the complaint must be dismissed for failure to exhaust administrative remedies. (MTD1 at 15; MTD2 at 15.) However, Defendants must produce

9

evidence proving failure to exhaust in a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Accordingly, the Court will deny the motions on the grounds of exhaustion for failing to comport with *Albino*'s evidentiary requirement.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the action for failure to state a claim, (Docket Nos. 18 & 24), are **GRANTED**. The Eighth Amendment claim against Defendants are **DISMISSED with prejudice** for failure to state a claim under Rule 12(b)(6). The state law claims of negligence and IIED are **DISMISSED without prejudice** to pursuing them in state court.

Defendants' motions to strike Plaintiff's sur-replies, (Docket Nos. 28 & 30), are **GRANTED**. Docket Nos. 27 and 29 shall be **STRICKEN**.

This order terminates Docket Nos. 18, 24, 28, and 30.

**IT IS SO ORDERED.**

**Dated:** _____6/26/2018_____     _____
BETH LABSON FREEMAN
United States District Judge

Order Granting Motions to Dismiss; Other Motions
PRO-SE\BLF\CR.17\03696Moore_grant-mtd

10