UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ANDREW MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HATTON, et al.,<br><br>    Defendants. | Case No. 17-03696 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR SCREENING; OF DISMISSAL WITH LEAVE TO AMEND**<br><br>(Docket No. 2) |

Plaintiff, a California inmate, filed a *pro se* complaint in Monterey County Superior Court, which Defendants removed to this Court under 28 U.S.C. §§ 1441(a), 1446(b). Dkt. No. 1. Defendants assert that the Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's complaint alleges violations of the Eighth Amendment under 42 U.S.C. § 1983, as well as a First Amendment retaliation claim. *Id.* at 2. Defendants also assert that Plaintiff's remaining causes of action fall within federal supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* Defendants request the complaint be screened under 28 U.S.C. 1915A(a). Dkt. No. 2. The request for a screening is GRANTED. For the reasons discussed below, complaint is DISMISSED with leave to amend.

///

# DISCUSSION

## A. Plaintiff's Claims

Plaintiff names the following Defendants, who are officials employed by the California Department of Corrections and Rehabilitation ("CDCR"): (1) S. Hatton, Warden of CTF; (2) K. Hoffman, Associate Warden of CTF; (3) and M. Atchley, Chief Deputy Warden of CTF. Dkt. No. 1 at 4. Plaintiff claims that CTF began construction of a new building between the interfaith chapels "without a memorandum or study release made to the general population that the construction could or would expose inmates to contaminants in the ground and foundation, which can become airborn[e] pathogens such as dirt, dust, concrete, wood, asbestos, metal, paint, glass during the construction." *Id.* Plaintiff claims the construction started before April 2016, when he first alerted Defendants to the "potential of exposing inmates to toxic materials." *Id.* at 3. Plaintiff claims that shortly after construction started, he began to hear of inmates getting sick from valley fever, a fungus that attacks the lung and body organs. *Id.* at 4. On April 17, 2017, he experienced a viral infection and was treated for dry cough, aches and pain, headaches, runny nose and watery eyes. *Id.* at 5. Plaintiff claims that he is now exposed to valley fever and is being treated for it, "because Defendants failed in the duty to provide basic humane conditions of confinement, and this condition is harmful to his health and body." *Id.* at 5-6. Based on these allegations, Plaintiff claims Defendants were deliberately indifferent to his health and safety. *Id.* at 6.

Plaintiff also claims intentional infliction of emotional distress based on retaliatory actions by Defendants who used their subordinates to "confiscate/loss/or destroy documents pertaining to this case as reprisal for filing suit." *Id.* at 8. Specifically, Plaintiff claims that the "I.S.U." conducted a cell search on May 19, 2017, during which they went through all his documents and paperwork, and again on July 21, 2017, but this time "to raid, search, intimidate, harass, and remove all legal documents, legal material, and to separate me from my property by taking it with them which in turn made me feel

2

fearful for my safety, well-being, and health at this prison." *Id.* at 8.  Plaintiff claims that he has mental health issues, and that the July 21st incident "raised my stress level to uncontrollable feelings of hearing voices, suicidal thoughts, depression, and wanting to hurt myself." *Id.*  He was later seen by a "psyc doctor [*sic*]" who decided to move Plaintiff to a crisis bed.  *Id.*

**B.     Analysis**

Plaintiff's first claim of deliberate indifference to his health and safety must be dismissed under res judicata.  Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.  *See Montana v. United States*, 440 U.S. 147, 153 (1979).  Federal law governs the preclusive effect of a federal case decided by a federal court.  *See Allen v. City of Los Angeles*, 92 F.3d 842, 849 (9th Cir. 1996).  This court may examine the preclusive effect of a prior judgment sua sponte.  *See Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993); McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986).

In a prior case before this Court, Plaintiff raised the same Eighth Amendment deliberate indifference claim against Defendants Hatton, Hoffman, and Atchley.  *See Moore v. Hatton, et al.,* Case No. 17-03696 BLF (PR), Dkt. No. 1.  In that matter, the Court granted Defendants' motion to dismiss the claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the complaint contained insufficient facts from which the reasonable inference could be drawn that Defendants are liable for the misconduct alleged.  *Id.*, Dkt. No. 32 at 9.  The claim was dismissed with prejudice and judgment was entered in favor of Defendants.  *Id.* at 10; Dkt. No. 33.  Accordingly, because the instant complaint contains the same cause of action against the same Defendants as in the prior action in which there was a final judgment on the merits, this Eighth Amendment claim is barred by res judicata.  *See Montana*, 440 U.S. at 153.

With respect to Plaintiff's retaliation claim and the related state law claim for intentional infliction of emotional distress, the claims must be dismissed with leave to

3

amend. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). First of all, Plaintiff makes only a conclusory allegation that Defendants used their subordinates to take adverse action against him. *See supra* at 2. He must allege specific facts as to each Defendant's individual conduct to satisfy the first element of a retaliation claim. Furthermore, Plaintiff fails to plead the fifth element, *i.e.*, that the cell searches did not reasonably advance a legitimate correctional goal. Plaintiff will be granted leave to file an amended complaint to attempt to allege sufficient facts to state a retaliation claim. In the amended complaint, Plaintiff may reallege his claim for intentional infliction of emotional distress. However, if Plaintiff fails to state a retaliation claim in the amended complaint, the Court will decline to exercise supplemental jurisdiction over any remaining state law claims and dismiss them to pursuing them in state court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' request for screening is **GRANTED**. Dkt. No. 2.

2. Plaintiff's Eighth Amendment deliberate indifference claim is **DISMISSED** as barred by res judicata.

3. The First Amendment retaliation claim is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to attempt to state sufficient facts to state a First Amendment retaliation claim. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-01445 BLF (PR), and

4

the words "AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

4.  In the alternative, Plaintiff may file notice in the same time provided above that he wishes to strike all the federal claims from this action and have the matter remanded back to state court to pursue the sole state law claim for intentional infliction of emotional distress.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: _June 7, 2020_____

BETH LABSON FREEMAN
United States District Judge